Jeffrey W. Dulberg (CA Bar No. 181200)
Scotta E. McFarland (CA Bar No. 165391)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:    jdulberg@pszjlaw.com
           smcfarland@pszjlaw.com
           tkapur@pszjlaw.com

Attorneys for Z Gallerie,
Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**Z GALLERIE,**[1]<br><br>          Debtor. | Case No.:  2-bk-09-18400-VZ<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION OF DEBTOR FOR THE ENTRY OF AN ORDER (1) APPROVING DEBTOR'S DISCLOSURE STATEMENT; (2) APPROVING THE FORM OF CERTAIN SOLICITATION MATERIALS; (3) APPROVING SOLICITATION, VOTING, BALLOTING AND NOTICE PROCEDURES; AND (4) SETTING CONFIRMATION HEARING AND CERTAIN DEADLINES IN CONNECTION WITH THE DEBTOR'S PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL G. ZEIDEN**<br><br>Date:     August 6, 2009<br>Time:     1:30 p.m.<br>Place:    Courtroom 1368<br>           255 East Temple Street<br>           Los Angeles, CA 90012<br>Judge:   Honorable Vincent P. Zurzolo |

---

[1] The Debtor is a California corporation, Fed. Tax I.D. No. 95-3733816.  The Debtor's address is 1855 West 139th Street, Gardena, California 90249.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE NOTICE** that a hearing will be held on August 6, 2009 at 1:30 p.m., before the Honorable Vincent P. Zurzolo, United States Bankruptcy Judge, in Courtroom 1368 at 255 E. Temple Street, Los Angeles, California, to consider the motion ("Motion") of Z Gallerie (the "Debtor"), a California corporation, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Case"), for an order (1) approving the Disclosure Statement for Debtor's Plan of Reorganization (Dated July 1, 2009), or any amended version thereof approved by the Court (the "Disclosure Statement"); (2) approving the ballot, the solicitation letter and the notice of the confirmation hearing in substantially the forms attached as **Exhibits "A-C"** hereto; (3) approving certain specified procedures for transmitting the Debtor's Plan of Reorganization (Dated July, 1, 2009), or any amended version thereof (the "Plan"), the Disclosure Statement, ballots and related solicitation materials and notice of same; (4) approving voting and tabulation procedures; and (5) establishing confirmation-related deadlines and procedures.[2]

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Michael G. Zeiden and other admissible evidence properly brought before the Court at or before the hearing regarding this Motion.  In addition, the Debtor requests that the Court take judicial notice of all documents filed with the Court in the Case.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires that any response to the Motion be filed with the Court and served upon counsel for the Debtor at the address set forth in the upper left-hand corner of the first page hereof at least fourteen (14) days prior to the hearing date.  Pursuant to Local Bankruptcy Rule 9013-1(h) the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

By this Motion, the Debtor is asking the Court to approve the Disclosure Statement as containing adequate information pursuant to 11 U.S.C. §1125.  The Debtor is also asking the Court to (i) approve the form of the ballot (the "Ballot") attached hereto as **Exhibit "A"**, (ii) the notice of the confirmation hearing (the "Notice") attached hereto as **Exhibit "B",** (iii) the letter from the

---

[2]   All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Debtor urging creditors entitled to vote on the Plan to vote in favor of the Plan (the "Solicitation Letter") attached hereto as **Exhibit "C"**, and (iv) the transmittal by first class United States mail to the creditors of the Debtor and other interested parties (as more specifically set forth below in the Memorandum of Points and Authorities attached hereto) of a solicitation package containing the (1) Notice, (2) the Disclosure Statement and Plan, (3) the Ballot (only to classes of creditors entitled to vote on the Plan), (4) the Solicitation Letter (only to classes of creditors entitled to vote on the Plan), and (5) such other information as the Court may direct (collectively, the "Solicitation Package").

The Debtor proposes that for purposes of tabulating the votes, the amount of a claim should be either (a) the claim amount as listed in the Schedules of the Debtor (unless such claim is listed as contingent, unliquidated or disputed) if no proof of claim has been timely filed and no objection to the claim as scheduled has been filed by the time of the confirmation hearing; (b) the liquidated amount specified in a proof of claim timely filed and received to the extent the claim as filed is not the subject of an objection to claim filed before the confirmation hearing, provided that if the claim amount asserted is unascertainable from the face of such proof of claim, then the holder of such claim shall be deemed to have a claim of one dollar ($1) for voting purposes only; or (c) the amount temporarily allowed by the Court for voting purposes after notice and a hearing in accordance with Federal Rule of Bankruptcy Procedure 3018(a).

If a creditor submits a ballot and (a) such creditor has not timely filed a proof of claim and is not listed on the Debtor's Schedules or (b) the entirety of such creditor's claim is the subject of an objection to claim, the creditor's ballot should not be counted unless otherwise temporarily allowed by the Court.  In addition to the foregoing, the Debtor requests that the Court authorize the additional procedures for voting on the Plan as set forth in detail in the Memorandum of Points and Authorities attached hereto.

By this Motion the Debtor also requests the Court set dates for the following events in connection with Plan confirmation:

1.      Last Day to Mail Solicitation Packages and Notices

2.      Last Day for Creditors to Deliver Ballots to Balloting Agent

3.      Last Day to Submit Objections to Plan Confirmation

1      4.      Last Day to Submit Confirmation Brief

2      5.      Last Day to Submit Ballot Summary Report

3      6.      The Confirmation Hearing

4          **WHEREFORE**, the Debtor requests that this court enter an Order (a) approving the

5  Disclosure Statement; (b) approving the voting procedures as proposed; (c) approving the form of

6  Notice, Ballot and Solicitation Letter submitted herewith; (d) approving the manner of notice; (e)

7  establishing the relevant deadlines and dates requested herein; and (e) granting such other and

8  further relief as may be just and proper.

9

10  Dated:    July 16, 2009                    PACHULSKI STANG ZIEHL & JONES LLP

11                                      By      /s/ *Jeffrey W. Dulberg*

12                                              Jeffrey W. Dulberg (CA Bar No. 181200)
                                                Scotta E. McFarland (CA Bar No. 165391)
13                                              Teddy M. Kapur (CA Bar No. 242486)
                                                Attorneys for Z Gallerie, Debtor and
14                                              Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

### A.    The Commencement of the Debtor's Chapter 11 Case, Jurisdiction and Venue

On April 10, 2009 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to manage its assets and properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").  No trustee or examiner has been appointed in this chapter 11 case (the "Case").  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    The Filing of the Plan of Reorganization and Disclosure Statement

On July 1, 2009, thirty-six days before the scheduled hearing regarding approval of the Disclosure Statement, the Debtor served the Notice of the Disclosure Statement Hearing on all of the creditors of the estate and served a copy of the Disclosure Statement as required by the Federal Rules of Bankruptcy Procedure.  On July 2, 2009, the Debtor filed its Disclosure Statement and Plan.

## II.

## RELIEF REQUESTED

### A.    Approval of the Disclosure Statement

The Debtor believes that the Disclosure Statement contains adequate information to enable a party to make an informed judgment about how to vote on the Plan and, therefore, requests that, pursuant to Federal Rule of Bankruptcy Procedure 3017(b), the Court approve the Disclosure Statement as containing "adequate information" as defined in section 1125(a) of the Bankruptcy Code.

### B.    Approval of Form and Manner of Transmittal of Notice and of Solicitation Package

Pursuant to Federal Rule of Bankruptcy Procedure 3017(d), upon approval of a disclosure statement, a plan proponent must mail to the United States Trustee, all creditors and all equity security holders the plan, the disclosure statement, notice of the time within which to file

1  acceptances or rejections, notice of the date of the confirmation hearing, and such other information

2  as the court may require.

3      Accordingly, the Debtor requests that the Court approve the forms of (a) the ballot (the

4  "Ballot") attached hereto as **Exhibit "A"**, (b) the notice of the confirmation hearing and related

5  matters (the "Notice") attached hereto as **Exhibit "B",** and (c) the letter (the "Solicitation Letter")

6  attached hereto as **Exhibit "C"** from the Debtor urging the creditors who are entitled to vote, to vote

7  in favor of the Plan.

8      The Debtor also requests that the Court authorize the transmittal by first class United States

9  mail of a solicitation package containing the following materials:  (a) to all creditors of the Debtor,

10  (i) the Notice, and (ii) the Disclosure Statement and the Plan; and (b) to classes of creditors entitled

11  to vote on the Plan, (i) the Ballot and a return envelope, (ii) the Solicitation Letter, and (iii) such

12  other information as the Court may direct (collectively, the "Solicitation Package").

13      To avoid any possible challenges to the appropriateness of the materials contained in the

14  Solicitation Package, the Debtor requests that the Court specifically approve the inclusion of the

15  Solicitation Letter in such materials.  *Cf. In re Media Central, Inc.*, 89 B.R. 685, 691 (Bankr. E.D.

16  Pa. 1988) ("Failure to obtain beforehand a judicial ruling on the propriety of statements or

17  information sent in conjunction with a vote solicitation may lead to a vote disqualification after the

18  fact if it is later determined that the statements or information were improper and the solicitation in

19  bad faith.").

20  **C.**    **Transmittal of the Solicitation Package - Generally**

21      Federal Rule of Bankruptcy Procedure 3017(d) requires that the Disclosure Statement be

22  mailed to the U.S. Trustee, all creditors and all equity security holders.  The Debtor proposes to

23  transmit the Solicitation Package, at the expense of the Debtor's estate, to:

24      a.    all known creditors (i) that have timely filed a proof of claim in the Case or

25  (ii) that are listed by the Debtor in its Schedules as holding a claim in the Case that are not listed as

26  contingent, unliquidated or disputed;

27      b.    all parties who have requested special notice in the Case pursuant to

28  Bankruptcy Rule 2002;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1       c.      parties to contracts or leases that have been rejected by the Debtor but whose

2   deadline for filing claims on the basis of those rejections has not yet expired;

3       d.      parties to any executory contracts and unexpired leases with the Debtor that

4   have not yet been rejected; and

5       e.      any other parties in interest as may be required by Federal Rules of

6   Bankruptcy Procedures 2002(b), (i), (j) and (k).

7       The Debtor requests that the Court permit it to exclude all other parties (not identified above)

8   from service of the Solicitation Package, including, without limitation, parties identified on the

9   Debtor's master mailing list but who are not listed in the Schedules and have not filed a proof of

10  claim against the Debtor's estate.  *See* Fed. R. Bank. P. 3003(c)(2) ("Any creditor or equity security

11  holder whose claim or interest is not scheduled or scheduled as disputed, contingent or unliquidated

12  shall file a proof of claim within the time proscribed by subdivision (c)(3) of this rule; <u>any creditor</u>

13  <u>who fails to do so shall not be treated as a creditor with respect to such claim for purposes of voting</u>

14  <u>and distribution.</u>").

15  **D.    <u>Approval of Method of Tabulation of Votes and Form of Ballots</u>**

16      To accurately calculate votes cast for or against the Plan, the Debtor proposes a method for

17  tabulating votes in accordance with the Bankruptcy Code and Federal Rules of Bankruptcy

18  Procedure.  Generally, only a holder of an <u>allowed</u> claim or interest is entitled to vote to accept or

19  reject a plan.  *See* 11 U.S.C. § 1126(a).  An unsecured creditor or an equity security holder must file

20  a proof of claim or interest in accordance with Federal Rule of Bankruptcy Procedure 3002 for such

21  claim or interest to be allowed, with certain exceptions.  *See* 11 U.S.C. §§ 501 and 502; Fed. R.

22  Bankr. P. 1019(3), 3003, 3004 and 3005.  One noted exception to this general rule covers claims

23  listed on a debtor's schedule of liabilities but not listed as contingent, unliquidated or disputed.  *See*

24  11 U.S.C. § 1111(a); Fed. R. Bankr. P. 3003(b).

25      In accordance with these considerations and for the purpose of tabulating votes, the Debtor

26  proposes that the amount of a claim should be either (a) the claim amount as listed in the Schedules

27  (so long as such claim is not listed as contingent, unliquidated or disputed) if no proof of claim has

28  been timely filed <u>and</u> no objection to the claim as scheduled has been filed no later than one day

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   prior to the Balloting Deadline (as defined below) (*see* Fed. R. Bankr. P. 3003(b)(1)), (b) the

2   liquidated amount specified in a proof of claim timely filed and received to the extent the claim as

3   filed is not the subject of an objection to claim filed no later than the Balloting Deadline (as defined

4   below) (*see* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3002), provided that if the claim amount asserted

5   is unascertainable from the face of such proof of claim, then the holder of such claim shall be

6   deemed to have a claim of one dollar ($1) for voting amount purposes only; or (c) the amount

7   temporarily allowed by the Court for voting purposes after notice and a hearing in accordance with

8   Federal Rule of Bankruptcy Procedure 3018(a).

9        If a creditor submits a ballot, and (a) such creditor has not timely filed a proof of claim and is

10   not listed on the Schedules as specified above, or (b) the entirety of such creditor's claim is the

11   subject of an objection to claim, the creditor's ballot should not be counted in accordance with

12   Federal Rule of Bankruptcy Procedure 3018, unless otherwise temporarily allowed by the Court in

13   accordance with such Rule.

14        In addition to the foregoing, the Debtor requests that the Court authorize the following

15   additional procedures for voting on the Plan:

16        a.      If a creditor submits more than one ballot voting the same claim(s) before the

17   last day for submitting ballots to be established pursuant hereto, the last ballot received prior to the

18   last day for submitting ballots shall supersede any prior ballot(s).

19        b.      A ballot that partially rejects and partially accepts the Plan or that indicates

20   both a vote for and against the same Plan, shall not be counted.

21        c.      Votes cast by a holder of a claim pursuant to a ballot that is not signed or is

22   not timely received shall not be counted.

23        d.      Votes cast by a holder of a claim pursuant to a ballot that is e-mailed or faxed

24   to the Debtor's balloting agent shall not be counted.

25        e.      Ballots that are signed and returned but that do not provide a vote either for

26   acceptance or rejection of the Plan shall be counted as an acceptance.

27        f.      The authority of the signatory of each ballot to complete and execute the

28   ballot shall be presumed.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    g.    A ballot that is furnished to the Debtor's balloting agent after the established

2  voting deadline shall not be counted.

3    h.    All questions raised by a party in interest as to the validity, form, eligibility

4  (including time of receipt), acceptance, and revocation of withdrawal of ballots will be determined

5  by the Court after notice and a hearing, in the Court's discretion.

6    i.    Neither the Debtor nor any other person will be under any duty to provide

7  notification of defects or irregularities with respect to the deliveries of ballots, nor will any of them

8  incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court,

9  delivery of such ballots will not be deemed to have been made until such irregularities have been

10 cured or waived.  Ballots previously cast (and as to which any irregularities have not theretofore

11 been cured or waived) will be invalid.

12    j.    A ballot may be withdrawn by delivering a written notice of withdrawal to the

13 Debtor's balloting agent at any time prior to the voting deadline.  To be valid, a notice of withdrawal

14 must (i) contain the description of the claim to which it relates; (ii) be signed by the holder of the

15 claim in the same manner as the ballot that it supersedes; and (iii) be received by the Debtor's

16 balloting agent in a timely manner at the address set forth on the ballot.  Any party in interest will

17 have the right to contest the validity of any such withdrawal of ballots.

18  **E.**    **Good Cause Exists for Scheduling the Confirmation Hearing on the Earliest Feasible Date and for Scheduling Related Deadlines**

19

20    **1.**    **Summary of Proposed Dates and Deadlines**

    The Debtor proposes the following dates for certain events in connection with Plan

21 confirmation:

22

| Event | Date |
|---|---|
| Last Day to Mail Solicitation Packages and Notices | Five (5) business days after the order approving the Disclosure Statement is entered |
| Last Day for Creditors to Deliver Ballots to Balloting Agent | Twenty-five (25) calendar days after the Solicitation Packages are mailed |
| Last Day to Submit Objections to Plan Confirmation | Twenty-five (25) calendar days after the Solicitation Packages are mailed |

| Last Day to Submit Confirmation Brief | Five (5) calendar days after the Plan objection deadline |
|---|---|
| Last Day to Submit Ballot Summary Report | Five (5) calendar days after the deadline for submitting ballots |
| Confirmation Hearing | Six (6) calendar days after the confirmation brief is filed |

**2.    Service of the Solicitation Packages**

The Debtor requests that the Court set five (5) business days after the order approving the Disclosure Statement is entered on the docket (or soon thereafter), as the last date by which the Solicitation Packages and notices must be mailed to parties entitled to receive them.

**3.    Last Day to Vote**

Pursuant to Federal Rule of Bankruptcy Procedure 3017(c), "[o]n or before the approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan. . . ."  The Debtor requests that the Court establish twenty-five (25) calendar days after the Solicitation Packages have been mailed as the last date on which all ballots must be received by the Debtor's balloting agent in order to be valid (the "Balloting Deadline").  The Debtor submits that this Balloting Deadline will afford creditors ample time to vote and will still allow enough time to permit the Debtor to prepare and file its Confirmation Brief (defined below) and the balloting agent to prepare the vote tabulation and the report thereon for filing with the Court. The Debtor further requests that the date for filing the ballot summary report be established as five (5) calendar days after the Balloting Deadline.

**4.    Objections to Confirmation**

Federal Rule of Bankruptcy Procedure 3020(b)(1) provides that "objections to the confirmation of the plan shall be filed and served . . . within a time fixed by the court."  The Debtor submits that the Court should fix a date that is twenty-five (25) calendar days after the Solicitation Packages are mailed as the last day to file and serve objections to the Plan ("Confirmation Objection Deadline").  This time frame complies with Federal Rule of Bankruptcy Procedure 2002(b).  Further, the Debtor requests that the Court order:  (a) that Plan objections must be set forth in a written statement and be accompanied by a memorandum of points and authorities and any supporting evidence, and (b) that any objections not timely filed and served are deemed waived.  Also, in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   accordance with Federal Rule of Bankruptcy Procedure 3020(b)(1), the Debtor proposes that the

2   Court designate the entities set forth below as those entities upon which any objections to

3   confirmation of the Plan must be served:

4       o   The Office of the United States Trustee, at the following address:

5               Office of the U.S. Trustee
6               Dare Law, Esq.
                725 So. Figueroa St. 26th Floor
7               Los Angeles, California  90012

8       o   Counsel to the Debtor at the following address:

9               Jeffrey W. Dulberg, Esq.
                Scotta E. McFarland, Esq.
10              Pachulski Stang Ziehl & Jones LLP
                10100 Santa Monica Blvd., 11th Floor
11              Los Angeles, California  90067-4100

12

13      o   Counsel to City National Bank at the following address:

14              William B. Freeman, Esq.
                Pillsbury Winthrop Shaw Pittman LLP
                725 South Figueroa Street, Suite 2800
15              Los Angeles, California 90017-5406

16      o   Counsel to the Official Committee of Unsecured Creditors at the following addresses:

17              Eric Wilson, Esq.
18              Kelley Drye & Warren LLP
                101 Park Avenue
19              New York, New York 10178

20              and

21              Ian Landsberg, Esq.
22              Landsberg Margulies LLP
                16030 Ventura Blvd., Suite 470
23              Encino, California  91436

24      **5.      The Confirmation Brief**

25          The Debtor requests that the Court set a deadline of five (5) calendar days after the

26  Confirmation Objection Deadline as the deadline for filing and serving any briefs in support of

27  confirmation (the "Confirmation Brief").  The Debtor requests that the Court order that the only

28  entities on whom the Debtor must serve the Confirmation Brief are the U.S. Trustee, counsel to City

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   National Bank, counsel to the Official Committee of Unsecured Creditors, any party that filed an

2   objection to the Plan and all parties who requested special notice pursuant to Federal Rule

3   Bankruptcy Procedure 2002.

4      **6.     The Confirmation Hearing**

5          The Debtor respectfully requests a hearing on confirmation of the Plan be set six (6) calendar

6   days after the Confirmation Brief is filed, or as soon thereafter as may be convenient to the Court.

7   The Debtor desires to have the Plan confirmed as expeditiously as reasonably possible because of

8   the substantial benefits which will be attained by the prompt resolution of the Case.

9   **F.    Evidence of Funds Available for Plan Payments**

10          The Debtor will have sufficient funds to make the required payments pursuant to the Plan on

11  the Effective Date of the Plan.  As of July 2, 2009, the Debtor had approximately $11,534,696.00 of

12  available cash.[3]  The chart attached to the Zeiden Declaration as **Exhibit 1** sets forth the sources and

13  amounts of funds that will be available for payment of Plan obligations on the Effective Date and the

14  anticipated uses of those funds.

15  **G.    Filing of Disclosure Statement and Plan Prior to Bar Date**

16          The Court has entered an order setting the general bar date for prepetition claims in the Case

17  as July 31, 2009 (the "Bar Date").  The Debtor filed its Disclosure Statement and Plan prior to the

18  Bar Date because it is vital to the Debtor that, entering this holiday season, it be free of the added

19  expenses and the delays associated with conducting business while in a chapter 11 case.  Further, by

20  the date of the hearing on the Disclosure Statement, the Bar Date will have passed and the Debtor

21  will be able to ascertain the universe of its creditors.

22                          **III.**

23                      **CONCLUSION**

24          The Debtor respectfully submits that (a) the Disclosure Statement contains adequate

25  information to allow claimants to make an informed decision as to whether to vote to accept or reject

26  the Plan, (b) it has established that it will have sufficient funds to meet its Plan obligations on the

27

28  ---
    [3] This figure is exclusive of $1.1 million reserved by American Express pursuant to its Merchant Services Agreement
    with the Debtor.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Effective Date of the Plan, and (c) the procedures proposed above are reasonable and appropriate

2  and conform to the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy

3  Procedure.

4    **WHEREFORE**, the Debtor requests that this court enter an Order (a) approving the

5  Disclosure Statement; (b) approving the voting procedures as proposed; (c) approving the forms of

6  Notice, Ballot and Solicitation Letter submitted herewith; (d) approving the manner of notice; (e)

7  establishing the relevant deadlines and dates requested herein; and (f) granting such other and further

8  relief as may be just and proper.

9

10  Dated:  July 16, 2009     PACHULSKI STANG ZIEHL & JONES LLP

11              By  /s/ *Jeffrey W. Dulberg*

12                  Jeffrey W. Dulberg (CA Bar No. 181200)
                Scotta E. McFarland (CA Bar No. 165391)

13                  Teddy M. Kapur (CA Bar No. 242486)
                Attorneys for Z Gallerie, Debtor and

14                  Debtor in Possession

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **<u>EXHIBIT A</u>**

1
2

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

3

In re:

4

**Z GALLERIE,**[1]

5

Debtor.

Case No.: 2-bk-09-18400-VZ
Chapter 11

**BALLOT**

6
7

**FOR ACCEPTING OR REJECTING
DEBTOR'S PLAN OF REORGANIZATION**

8

The *Debtor's Plan of Reorganization (Dated July 1, 2009)* (the "Plan") filed by Z Gallerie.

9

(the "Debtor") can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting

10

on the Plan. In the event that the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of §1129(b) of the Code. To have your

11

vote count, you must complete and return this Ballot as directed below.

12

The undersigned, a Class ___ creditor of the above-named Debtor in the unpaid principal amount of $_____.

13

14

☐    Accepts the Plan

15

☐    Rejects the Plan

16

Dated: _____

17

_____
[Signature of person executing ballot]

18

_____
[print or type name and title (if any) of person signing]

19
20

_____
[print or type name of claimant]

21
22

_____
[print of type address]

23

_____
[city, state, zip]

24
25

TO BE COUNTED, THIS BALLOT MUST BE RECEIVED BY BRIAN OSBORNE, OMNI MANAGEMENT GROUP, 16501 VENTURA BLVD., SUITE # 440, ENCINO, CA 91436-2068, NO LATER THAN THE CLOSE OF BUSINESS ON _____, **2009**, THE BALLOT WILL NOT BE ACCEPTED BY EMAIL OR FACSIMILE.

26

.

27

A Ballot Does Not Constitute A Valid Proof Of Claim In This Bankruptcy Case.

28

---

[1] The Debtor is a California corporation, Fed. Tax I.D. No. 95-3733816. The Debtor's address is 1855 West 139th Street, Gardena, California 90249.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT B

1

2    _____, 2009

3    To:    **ALL CREDITORS OF Z GALLERIE ENTITLED TO VOTE ON THE PLAN OF**

4    **REORGANIZATION**

5

6
                        **Re:    In re Z Gallerie**
7                               **Case No. 2-bk-09-18400-VZ**

8        We are pleased to announce the Bankruptcy Court's approval of the enclosed Disclosure
     Statement that describes Z Gallerie's proposed reorganization plan (the "Plan") through which Z
9    Gallerie will satisfy the claims of its creditors.  We respectfully request your **acceptance** of the Plan.
     The Disclosure Statement contains information to allow you to make an informed decision as to
10   whether to vote to accept or reject the Plan.  If you need additional copies of this document, you may
     obtain them by contacting Beth Dassa, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica
11   Blvd., 11th Floor, Los Angeles, CA  9067, phone (310) 277-6910, fax (310) 201-0760, Email:
     bdassa@pszjlaw.com.  They are also available at www.omnimgt.com/zgallerie .
12
         We have also enclosed copies of (1) the Notice of the hearing regarding confirmation of the
13   Plan and regarding various deadlines relating to confirmation of the Plan, and (2) a Ballot we request
     that you complete (if you are a creditor in Classes 4, 5, 6 or 7 under the Plan) and return to us
14   indicating your vote regarding the Plan.

15       The Court has set a hearing regarding confirmation of the Plan for [                      2009].
     The Debtor has concluded that the Plan, which provides, among other things, for the payment of
16   approximately $8.1 million to holders of allowed general unsecured claims, provides fair and
     equitable treatment of all classes of creditors and that approval of the Plan will enable unsecured
17   creditors to receive more than you would otherwise receive if this case were pending in chapter 7.  Z
     Gallerie therefore solicits your support and urges you to complete the enclosed Ballot (if you are a
18   member of Classes 4, 5, 6 or 7 under the Plan) indicating your acceptance of the Plan.

19       In order for your Ballot to be counted, it must be received by Brian Osborne, Omni
     Management Group, 16501 Ventura Blvd., Suite # 440, Encino, CA 91436-2068 no later than the
20   close of business on _____, 2009.  Ballots maybe sent by mail, overnight courier or hand
     delivery to Mr. Osborne.  Ballots will not be accepted by email or facsimile.  We thank you for your
21   support.

22   Dated:    _____                    PACHULSKI STANG ZIEHL & JONES LLP

23

24                                  By    _____

25                                         Jeffrey W. Dulberg
                                          Scotta E. McFarland
26                                         Teddy M. Kapur
                                          Attorneys for Z Gallerie
27                                         Debtor and Debtor in Possession

28

# EXHIBIT C

Jeffrey W. Dulberg (CA Bar No. 181200)
Scotta E. McFarland (CA Bar No. 165391)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:      jdulberg@pszjlaw.com
            smcfarland@pszjlaw.com
            tkapur@pszjlaw.com

Attorneys for Z Gallerie,
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**Z GALLERIE,**[2]<br><br>              Debtor. | Case No.:  2-bk-09-18400-VZ<br><br>Chapter 11<br><br>**DEBTOR'S NOTICE OF:  (1) APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT; (2) PLAN CONFIRMATION HEARING; (3) DATES AND DEADLINES RELATING TO PLAN CONFIRMATION HEARING; AND (4) MANNER OF SERVICE**<br><br><u>Confirmation Hearing:</u><br><br>Date:       _____, 2009<br>Time:     __:  _.m.<br>Place:    Courtroom 1368<br>            255 East Temple Street<br>            Los Angeles, CA 90012<br>Judge:   Honorable Vincent Zurzolo |

**TO ALL CREDITORS OF Z GALLERIE, THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS, THE UNITED STATES TRUSTEE, THE U.S. SECURITIES AND EXCHANGE COMMISSION AND THE INTERNAL REVENUE SERVICE**:

[2] The Debtor is a California corporation, Fed. Tax I.D. No. 95-3733816.  The Debtor's address is 1855 West 139th Street, Gardena, California 90249.

**PLEASE TAKE NOTICE** that the Court has approved the *Disclosure Statement in Support of Debtor's Plan of Reorganization (Dated July 1, 2009)* (the "Disclosure Statement") submitted by Z Gallerie (the "Debtor"), the above-captioned debtor in possession, in conjunction with the *Debtor's Plan of Reorganization (Dated July 1, 2009)* (the "Plan"), filed in the Debtor's case pending under chapter 11 of the United States Bankruptcy Code.  The Court has set a hearing to consider confirmation of the Plan that will commence on _____, 2009, at __:__ _.m., in Courtroom 1368, 255 East Temple Street, Los Angeles, California  90012.  The Court has fixed _____, 2009, as the last day for any interested party to file and serve any opposition to confirmation of the Plan.  Any Plan objections must be set forth in a written statement and be accompanied by a memorandum of points and authorities and any supporting evidence and must be timely filed and served or be deemed waived.  Any objections to confirmation of the Plan must be served on the following:

Office of the U.S. Trustee
Dare Law, Esq.
725 So. Figueroa St. 26th Floor
Los Angeles, California  90012

Jeffrey W. Dulberg, Esq.
Scotta E. McFarland, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California  90067-4100

William B. Freeman, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5406

Eric Wilson, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

and

Ian Landsberg, Esq.
Landsberg Margulies LLP
16030 Ventura Blvd., Suite 470
Encino, California  91436

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Failure to timely file and serve an opposition may be deemed by the Court to be consent to

2   confirmation of the Plan.

3          The Court fixed _____, 2009 as the last day for the Debtor to file and serve its brief in

4   support of the confirmation of the Plan.

5          In order to be counted, all Ballots with respect to the Plan must be received by Brian

6   Osborne, Omni Management Group, 16501 Ventura Blvd., Suite # 440, Encino, CA 91436-2068, no

7   later than the close of business on _____, 2009.  Ballots may be sent to Omni Management

8   Group by mail, overnight or hand delivery.  Ballots will not be accepted by email or facsimile.

9          Along with this Notice, you are being sent a Ballot and a copy of the Disclosure Statement

10  and the Plan.  If you desire to receive another copy of the documents, you may obtain additional

11  copies by contacting Beth Dassa, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd.,

12  11th Floor, Los Angeles, CA  9067, phone (310) 277-6910, fax (310) 201-0760, Email:

13  bdassa@pszjlaw.com.  The Plan and the Disclosure Statement are also posted at

14  www.omnimgt.com/zgallerie.

15  Dated:  _____          PACHULSKI STANG ZIEHL & JONES LLP

16

17                                     By  _____

18                                         Jeffrey W. Dulberg
                                           Scotta E. McFarland
19                                         Teddy M. Kapur
                                           Attorneys for Z Gallerie, Debtor and
20                                         Debtor in Possession

21

22

23

24

25

26

27

28

# DECLARATION IN SUPPORT OF MOTION TO APPROVE THE DISCLOSURE

## STATEMENT

I, Michael G. Zeiden, declare under penalty of perjury under the laws of the United States of America that the following statements are true and based upon personal knowledge.

1.      I am the Chief Financial Officer of Z Gallerie ("Debtor"), and I am familiar with the Debtor's operations, business affairs and books and records.  All facts set forth in this Declaration are based on my personal knowledge, information supplied to me by employees of the Debtor, upon my review of the books and records of Debtor (the "Books and Records"), or upon my opinion based upon my experience and knowledge of the Debtor's financial condition, operations and assets. If I were called to testify thereto, I could and would competently do so.

2.      I submit this declaration in support of the *Motion of Debtor for the Entry of an Order (1) Approving Debtor's Disclosure Statement, (2) Approving the Form of Certain Solicitation Materials; (3) Approving Solicitation, Voting, Balloting and Notice Procedures and (4) Setting Confirmation Hearing and Certain Deadlines in Connection with the Debtor's Plan of Reorganization* (the "Motion").  All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

3.      I participated in the preparation of the Disclosure Statement and Plan, reviewed it prior to its filing and approved it as is evidenced by the Declaration in Support of the Disclosure Statement and Plan filed with the Disclosure Statement and Plan.

4.      The Debtor will have sufficient funds to make the required payments pursuant to the Plan on the Effective Date of the Plan.  As of July 2, 2009, the Debtor had approximately $11,534,696.00 of available cash.  This figure is exclusive of $1.1 million reserved by American Express pursuant to its Merchant Services Agreement with the Debtor.  **Exhibit "1"** attached hereto

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

is a chart that sets forth the sources and amounts of funds that will be available for payment of Plan obligations on the Effective Date and the anticipated uses of those funds.

5.    The Court has entered an order setting the general bar date for prepetition claims in the Case as July 31, 2009 (the "Bar Date"). The Debtor filed its Disclosure Statement and Plan prior to the Bar Date because it is vital to the Debtor that, entering this holiday season, it be free of the added expenses and the delays associated with conducting business while in a chapter 11 case. Further, by the date of the hearing on the Disclosure Statement, the Bar Date will have passed and the Debtor will be able to ascertain the universe of its creditors.

EXECUTED this 16th day of July, 2009 in Gardena, California.

By_____
Michael G. Zeiden
Chief Financial Officer and Secretary

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# <u>EXHIBIT 1</u>

**Z Gallerie**
**First Day Payments and Funds Sources**

**Sources**

| | |
|---|---|
| Company Cash (1) | 8,384,608 |
| Equity (2) | 2,000,000 |
| Debt (3) | 4,000,000 |
| **Total** | **14,384,608** |

**Payments:**

| | |
|---|---|
| CNB Debt- Business (1) | 8,500,000 |
| Cure Rents (1) | 2,957,015 |
| Professional Fees (4) | 866,105 |
| Bank Fees (3) | 275,000 |
| **Total** | **12,598,120** |

| | |
|---|---|
| **Excess Cash (5)** | **1,786,489** |

(1) Based on Liquidation Analysis and supporting schedules

(2) Consists of $1,775,000 in cash from Zeiden Properties, LLC and $225,000 in personal cash currently on deposit at City National Bank.

(3) Drawn from revolving credit line provided by Wells Fargo pursuant to executed term sheet between Z Gallerie and Wells Fargo.

(4) Based on professional fee estimates as of 7/02/09.

(5) Management expects to use "excess" cash during September to fund inventory build and related expenses.

98002-002\DOCS_LA:205185.1

| In re:<br>Z Gallerie,<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER:  2:09-bk-18400-VZ |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document described as ***NOTICE OF MOTION AND MOTION OF DEBTOR FOR THE ENTRY OF AN ORDER (1) APPROVING DEBTOR'S DISCLOSURE STATEMENT; (2) APPROVING THE FORM OF CERTAIN SOLICITATION MATERIALS; (3) APPROVING SOLICITATION, VOTING, BALLOTING AND NOTICE PROCEDURES; AND (4) SETTING CONFIRMATION HEARING AND CERTAIN DEADLINES IN CONNECTION WITH THE DEBTOR'S PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL G. ZEIDEN*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 16, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **July 16, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 16, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

By Hand Delivery
Honorable Vincent P. Zurzolo
United States Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 16, 2009 | Myra Kulick | /s/ Myra Kulick |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

| In re:<br>Z Gallerie,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER: 2:09-bk-18400-VZ |
|---|---|

**2:09-bk-18400-VZ Notice will be electronically mailed to:**

- John P Dillman    houston_bankruptcy@publicans.com
- Jamie P Dreher    jdreher@downeybrand.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- G Larry Engel    lengel@mofo.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Brian D Huben    brian.huben@kattenlaw.com,
  carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com
- Gregory K Jones    gjones@stutman.com
- Ian Landsberg    ilandsberg@lm-lawyers.com
- Dare Law    dare.law@usdoj.gov
- Scotta E McFarland    smcfarland@pszjlaw.com, smcfarland@pszjlaw.com
- Marlene M Moffitt    mmoffitt@allenmatkins.com
- Christine M Pajak    cpajak@stutman.com
- Robin E Phelan    robin.phelan@haynesboone.com
- Joseph F Postnikoff    jpostnikoff@gpalaw.com
- Michelle E Shriro    mshriro@singerlevick.com
- Adam M Starr    starra@gtlaw.com
- Ronald M Tucker    rtucker@simon.com,
  psummers@simon.com;rwoodruff@simon.com;sHclark@simon.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Madeleine C Wanslee    mwanslee@gustlaw.com, rstein@gustlaw.com
- Elizabeth Weller    dallas.bankruptcy@publicans.com
- Eric R Wilson    ewilson@kelleydrye.com, kdwbankruptcydepartment@kelleydrye.com
- Rebecca J Winthrop    winthropr@ballardspahr.com

**Notice will be mailed to:**

*Please see attached service list*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

In re Z Gallerie
2002 Service List
Chapter 11 Case No. 2:09-18400-VZ

Debtor
Z Gallerie
Mike Zeiden
1855 W. 139th Street
Gardena, CA  90249
Fax:  310-527-2955
Email:  mzeiden@zgallerie.com

Office of the United States Trustee
Attention:  Dare Law
725 South Figueroa Street, 26th Floor
Los Angeles, CA  90012
Fax:  213-894-2603

Secured Lender
City National Bank
c/o William B. Freeman, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5443
Fax:  (213) 629-1033
Email:  Bill.Freeman@pillsburylaw.com

Abe J. Shear, Partner
Amall Golden Gregory, LLP
171 17th Street Suite 2100
Atlanta, GA 30363
404-873-8752    FAX 404-873-8753

Committee Member:
Simon Property Group, Inc.
Attn: Ronald M. Tucker, Esq.
225 West Washington Street
Indianapolis, Indiana 46204
Tel: (317) 263-2346; Fax:  (317) 263-7901
Email: rtucker@simon.com

Committee Member:
Portfolio Productions, Inc. dba Sitcom
Rose Solberg, Controller
850 42nd Avenue
Oakland, CA  94601
Tel: (510) 746-2911 (Direct); Tel:  (510) 434-1600 (Main)
Email:  rsolberg@sitcomfurniture.net

Committee Member:
Oakbrook Shopping Center, LLC
Julia Minnick Bowslen, National Bk. Manager
110 North Wacker Drive
Chicago, IL  60606
Tel: (312) 960-2707; Fax:  (312) 442-6374
Email:  Julie.minnick@ggp.com

Committee Member:
World Wide Fabric, Inc.
Hershel Saeidy, President
360 N. La Cienega
Los Angeles, CA  90048
Tel: (323) 263-1111; Fax:  (323) 263-1117
Email:  Hershel@worldwidefabricinc.com

Request for Special Notice
Paul Skram
General Manager, Retail Properties
Opus Northwest Management L.L.C.
Woodbury Lakes Shopping Center
9020 Hudson Road, Suite 401
Woodbury, MN  55125
Tel:  952-656-4737/Fax 952-238-6737
Email:  paul.skram@opusnw.com

Pima County Treasurer
Patti Davidson, Chief Deputy Treasurer
115 N. Church Avenue
Tucson, AZ  85701
Tel:  (520) 740-8813
Email:  pcaocvbk@pcao.pima.gov

Attorneys for Landlord Creditors The Macerich Company, Westfield,
LLC and The Forbes Company
Thomas J. Leanse/Brian D. Huben
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Fax: 310.788.4471
Email:  brian.huben@kattenlaw.com

Marlene M. Moffitt
Allen Matkins Leck Gamble Mallory & Natsls LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Tel: (415) 837-1515 / Fax  (415) 837-1516
Email:  mmoffitt@allenmatkins.com

Kristen N. Pate
GGP Limited Partnership, as Agent
110 N. Wacker Drive
Chicago, IL  60606
Tel: (312) 960-2940 / Fax  (312) 442-6374
Email:  ggpbk@ggp.com

DOCS_LA:200309.2

Pima County Treasurer
Patti Davidson, Chief Deputy Treasurer
115 N. Church Avenue
Tucscon, AZ  85701
Tel: (520) 740-8813
Email:  pcaocvbk@pcao.pima.gov

Attys for Heitman Capital Management, LLC
Robin E. Phelan
Haynes and Boone, LLP
2323 Victory Blvd., Suite 700
Dallas, TX  75219
Tel:  (214) 651-5000 / Fax:  (214) 651-5940
Email:  robin.phelan@haynesboone.com

Daniel J. Braver, Exec. V.P., U.S. Portfolio Mgt.
Heitman Capital Management, LLC
13738 Pine Needles Dr.
Del Mar, CA  92014
Tel:  (858) 259-1680 / Fax:  (858) 259-2245
Email:  Daniel.Braver@heitman.com

Attorneys for Creditors UBS Realty Investors LLC a nd 220
Greenwood Court Investors LLC
DAVID L. POLLACK (PA NO. 114149)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel: (215) 864-8325 / Fax: (215) 864-8999
Email: pollack@ballardspahr.com

Attys for Dept. of Missouri Revenue
Richard M. Masales, Esq., Special Asst. Atty. Gen.
Missouri Dept. of Revenue, General Counsel's Office
301 W. High Street, Room 670, POB 475
Jefferson City, MO  65105-0475
Tel:  573-751-5531/Fax:  573-751-7232
Email:  cdca@dor.mo.gov

Counsel to Creditors Committee
Ian S. Landsberg, Esq.
Landsberg Margulies LLP
16030 Ventura Boulevard, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attys for Knox Street Village Holdings, Inc.
Adam M. Starr, Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404
Telephone:  (310) 586-7700
Facsimile:  (310) 586-7800

Attys for The Irvine Company
Ernie Zachary Park
Bewley, Lassleben & Miller, LLP
13215 E. Penn Street, Suite 510
Whittier, CA  90602-1797
Tel: (562) 698-9771 / Fax: (562) 696-6357
Email: ernie.park@bewleylaw.com

Attys for Heitman Capital Management, LLC
Richard K. Martin
Haynes and Boone, LLP
2505 N. Plano Road, Suite 400
Richardson, TX  75082
Tel:  (972) 739-8634 /Fax: (972) 692-9114
Email:  rick.martin@haynesboone.com

Attorneys for Creditors UBS Realty Investors LLC a nd 220
Greenwood Court Investors LLC
Rebecca J.Winthrop
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Tel: (424) 204-4330 / Fax: (424) 204-4350
Email: winthropr@ballardspahr.com

Attys for Dallas County
Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, TX  75201
Tel:  214-880-0089/Fax:  (469) 221-5002
Email:  dallas.bankruptcy@publicans.com

Woodbury Lakes, Retail, L.L.C.
c/o Cornerstone Real Estate Advisers LLC
Attn:  Thomas G. Fleming CPM
300 South Wacker Drive, Suite 3550
Chicago, IL  60606

Eric Wilson, Esq.
Jennifer Raviele
Kelley Drye & Warren LLP
101 Park Avenue
New York, N.Y. 10178-0002
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

Attys for Knox Street Village Holdings, Inc.
William L. Medford, Esq.
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX  75201
Telephone:  (214) 665-3600
Facsimile:  (214) 665-3601

DOCS_LA:200309.2

Attys for 119th Street Development, Inc.
Michelle E. Shriro, Esq.
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, TX  75001
Telephone:  (972) 380-5533
Facsimile:  (972) 380-5748
Email:  mshriro@singerlevick.com

Attorneys for Atlantic Towncenter LLC
c/o Jamie P. Dreher, Esq.
Downey Brand LLP
621 Capitol mall, 18th Floor
Sacramento, CA  95814
Telephone: (916) 444-1000
Facsimile: (916) 442-2100
Email: jdreher@downeybrand.com and sheaton@downeybrand.com

Attorneys for Atlantic Towncenter LLC
Victor W. Newmark, Esq.
Wiles and Wiles
800 Kennesaw Ave., Suite 400
Marietta, GA 30060
Telephone: (770) 426-4619
Facsimile: (770) 426-4846
Email: vnewmark@evict.net

Miami-Dade County Tax Collector
c/o Miami Dade County Paralegal Unit
Alberto Burnstein, Paralegal Collection Specialist
Miami Dade Bk. Unit
140 West Flagler Street, Suite 1403
Miami, FL  33130-1575
Telephone:  (305) 375-4679
Facsimile:  (304) 375-1142
Email:  alberto@miamidate.gov; MDTCBKC@miamidade.gov

Maricopa County Treasurer
Madeleine C. Wanslee
Gust Rosenfeld P.L.C.
201 E. Washington, Suite 800
Phoenix, Arizona 85004-2327
Telephone No. (602) 257-7430
Facsimile No. (602) 340-1538
Email: mwanslee@gustlaw.com

Attorneys for Landlord Creditors Hennansoll Family Tmst
and Larimer Square Associates Ltd.
F. Brittin Clayton III
Isaacson Rosenbaum P.e.
633 17th Street, Suite 2200
Denver, Colorado 80202
Tel: (303) 292-5656 / Facsimile: (303) 292-3152
E-mail: bclayton@i.r-1aw.com

Placer County Office of the Treasurer-Tax Collector
Jenny McMurtry, Deputy Tax Collector
2976 Richardson Drive
Auburn, CA  95603
Tel: (530) 889-4129
Fax: (530) 889-4123

Attorneys for Sage Group, LLC & Sage Partners Securities, LLC
G. Larry Engel
Vincent J. Novak
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-mail: LEngel@mofo.com; VNovak@mofo.com

Attorneys for The Roseville Fountains, L.P.
Nancy Hotchkiss, Esq.
Trainor Fairbrook
980 Fulton Avenue
Sacramento, California 95825
Telephone: (916) 929-7000
Facsimile: (916) 929-7111
Email: llhotchkiss@trainorfairbrook.com

L.A. County Treasurer and Tax Collector
Post Office Box 54110
Los Angeles, CA  90054-0110
Attn:  Man-Ling Kuo, Tax Services Clerk I

William McCormick, Asst. Atty. Gen.
Tennessee Department of Revenue
c/o TN Attorney General's Office, Bk. Division
Post Office Box 20207
Nashville, TN  37202-0207
Tel:  (615) 532-2504; Facsimile:  (615) 741-3334

DOCS_LA:200309.2