1  Jeffrey W. Dulberg (CA Bar No. 181200)
2  Scotta E. McFarland (CA Bar No. 165391)
   Teddy M. Kapur (CA Bar No. 242486)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 11th Floor
4  Los Angeles, California  90067-4100
   Telephone: 310/277-6910
5  Facsimile:  310/201-0760
   E-mail:    jdulberg@pszjlaw.com
6             smcfarland@pszjlaw.com
              tkapur@pszjlaw.com
7
8  Attorneys for Z Gallerie,
   Debtor and Debtor in Possession

FILED & ENTERED

OCT 08 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY johnson   DEPUTY CLERK

9
## UNITED STATES BANKRUPTCY COURT
10
## CENTRAL DISTRICT OF CALIFORNIA
11
## LOS ANGELES DIVISION
12

| | |
|---|---|
| 13  In re: | Case No.: 2:09-18400-VZ |
| 14  **Z GALLERIE**[1] | Chapter 11 |
| 15                     Debtor | **ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR Z GALLERIE (DATED AUGUST 13, 2009)** |

17

Plan Confirmation Hearing
18  Date:      October 1, 2009
19  Time:      1:30 p.m.
    Place:     U.S. Bankruptcy Court
20             Courtroom 1368
               255 East Temple Street
21             Los Angeles, CA 90012
22  Judge:     The Hon. Vincent P. Zurzolo

23
24         Debtor and debtor in possession, Z Gallerie, a California corporation (the "Debtor"), having

25  filed and proposed the *Second Amended Chapter 11 Plan of Reorganization for Z Gallerie (Dated*

26  *August 13, 2009)* (the "Plan") (Docket No. 315), as modified by the Order Confirming the Plan;[2]

27  _____

28  [1] The Debtor is a California corporation, Fed. Tax I.D. No. 95-3733816.  The Debtor's address is 1855 West 139th Street, Gardena, California 90249.
[2] Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Plan.

The Court, having entered on August 19, 2009, its *Order (1) Approving Debtor's Disclosure Statement; (2) Approving the Form of Certain Solicitation Materials; (3) Approving Solicitation, Voting, Balloting and Notice Procedures; and (4) Setting Confirmation Hearing and Certain Deadlines in Connection with the Debtor's Plan of Reorganization* (the "Disclosure Statement Order") (Docket No. 324), pursuant to which the Court approved the Second Amended Disclosure Statement (the "Disclosure Statement") (Docket No. 315) filed in support of the Plan; (b) established notice, balloting, and voting procedures in connection with soliciting votes on the Plan, (c) fixed objection deadlines to Confirmation of the Plan, and (d) scheduled a hearing to consider Confirmation of the Plan;

Upon the submission of the *Declaration of Brian Osborne of Omni Management Group, LLC, with Respect to the Tabulation of Votes on the Debtor's Second  Amended Chapter 11 Plan (Dated August 13, 2009)*, including the tabulation of the ballots cast in favor of and in opposition to the Plan (the "Ballot Summary") (Docket No. 407), and *Debtor's Omnibus Reply to Objections to the Second Amended Chapter 11 Plan Dated August 13, 2009* (the "Reply") (Docket No. 408);

A hearing to consider confirmation of the Plan and matters related thereto having been held before this Court on October 1, 2009 (the "Confirmation Hearing"); Jeffrey W. Dulberg of Pachulski Stang Ziehl &Jones LLP, appearing on behalf of the Debtor; other appearances having been noted on the record;

And the Court having considered the following:

(a)    the Plan and modifications thereto;

(b)    the Disclosure Statement and the Disclosure Statement Order;

(c)    the Voting Summary;

(d)    the *Debtor's Memorandum of Points and Authorities in Support of Confirmation of Second Amended Chapter 11 Plan of Reorganization for Z Gallerie (Dated August 13, 2009)* (the

PACHULSKI  STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

1    "Confirmation Brief") (Docket No. 406);

2        (e)    the *Declaration of Michael G. Zeiden Re:  Memorandum of Points and Authorities in*

3    *Support of Confirmation of Second Amended Chapter 11 Plan of Reorganization for Z Gallerie*

4    *(Dated August 13, 2009)* (the "Zeiden Declaration"), attached to the Confirmation Brief;

5

6        (f)    the *Limited Objection to Z Gallerie's Assumption of Unexpired Nonresidential Real*

7    *Property Lease with Knox Street Village Holdings, Inc.* (the "Knox Street Objection") (Docket No.

8    364);

9        (g)    *Travis County's Objection to Chapter 11 Plan of Reorganization for Z Gallerie*

10   *(Dated August 31* [sic]*, 2009)* (the "Travis County Objection") (Docket No. 365);

11       (h)    the *Objection to Debtor's Second Amended Disclosure Statement and Chapter 11*

12   *Plan of Reorganization* filed by Pima County, Arizona (the "Pima County Objection") (Docket No.

13   366);

14

15       (i)    the *Objection of Dallas County, Fort Bend County, Harris County and Montgomery*

16   *County to Debtor's Second Amended Chapter 11 Plan of Reorganization* (the "Other Texas Counties

17   Objection") (Docket No. 389;

18       (j)    the *Response of Various Landlord Creditors to Debtor's List of Assumed Leases and*

19   *Executory Contracts (Schedule F) to Amended Disclosure Statement and Chapter 11 Plan* (the

20   "Various Landlords Objection") (Docket No. 391);

21

22       (k)    the *Limited Objection of the Official Committee of Unsecured Creditors to*

23   *Confirmation of the Debtor's Second Amended Chapter 11 Plan of Reorganization* (Docket No. 392)

24   and the Declarations filed in support thereof (the "Committee Objection");

25       (l)    the *Limited Objection to Confirmation of Chapter 11 Plan and Updated List of*

26   *Assumed Leases and Other Executory Contracts (Schedule F)* filed by General Growth Properties, et

27   al. (the "General Growth Objection") (Docket No. 394);

28

PACHULSKI  STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

(m)    *Stipulation with Pima County Re Change of Vote, Withdrawal of Objection, and Insertion of Language into Order of Confirmation* (the "Pima County Stipulation") (Docket No. 404);

(n)    *Stipulation with the Other Texas Counties Re Withdrawal of Objection, and Insertion of Language into Order of Confirmation* (the "Other Texas Counties Stipulation") (Docket No. 405);

(o)    *Travis County's Notice Withdrawing Travis County's Objection to Chapter 11 Plan of Reorganization of Z Gallerie (Dated August 12, 2009) and Notice Modifying Ballot* (the "Travis County Notice") (Docket No. 412);

(p)    The record compiled in the Debtor's Chapter 11 Case and all pleadings filed with respect thereto; and

(q)    The offers of proof, evidence admitted, and the arguments and representations of counsel at the Confirmation Hearing;

And based upon the Findings of Fact and Conclusions of Law entered contemporaneously herewith and any additional findings made at the Confirmation Hearing and after due deliberation and good cause appearing,

**IT IS HEREBY ORDERED** that:

**A.    Plan Confirmed**

The Plan is hereby confirmed as modified herein.  Any objections to Confirmation of the Plan, whether formal or informal, written or oral, unless previously withdrawn or resolved, are overruled.  All withdrawn objections are hereby withdrawn with prejudice.

**B.    Treatment of Secured Tax Claims**

In order to clarify the treatment of Allowed Secured Claims held by taxing authorities for

2009 personal property taxes, the Article VI, section B.4 shall be modified by adding the following:

The Allowed Secured Claims for 2009 personal property taxes (collectively, the "2009 Secured Tax Claims" and individually, the "2009 Secured Tax Claim") of all taxing authorities, including, but not limited to, the taxing authorities for Dallas County, Fort Bend County, Harris County, Montgomery County and Travis County, Texas and Pima County, Arizona (individually, the 'Taxing Authority"), shall be unimpaired by the Plan and each Taxing Authority shall retain any and all liens each Taxing Authority currently holds and each such lien shall retain the same priority and validity that it had prior to the filing of this Case and shall not be affected by this Case and confirmation of the plan.  Each of the 2009 Secured Tax Claims shall be paid in the manner and at the time prescribed by the law of the state in which the particular Taxing Authority is located.  In the event that the Reorganized Debtor fails to pay a 2009 Secured Tax Claim as required by the applicable state law, the affected Taxing Authority shall have all rights of enforcement it has under the laws of the state in which it is located as such rights existed prior to the filing of this Case and the filing of the Case and confirmation of the plan shall not affect those rights.

**C.    Excess Amount Payment**

Article VI section B. 5(b) of the Plan is hereby modified to provide that the Debtor will pay $250,000.00 to the Collateral/Disbursement Agent on the Effective Date in full and complete satisfaction of the Excess Amount Payment.

**D.    Interest on Delayed Class 5 Distributions**

Article VI section B.5(b) of the Plan is hereby further modified to provide that, subject to the terms of the Exit Financing, interest will accrue at the effective federal judgment rate on any distribution due to be paid to the Holders of Allowed Class 5 Claims from the date the distribution

was to have been made pursuant to the Plan until the date the distribution is actually made and any

such accrued interest will be paid with that distribution to Holders of Allowed Class 5 Claims as

provided in the Plan.

**E.      Reorganized Debtor's Charter**

The Plan shall be modified to include a provision that the Reorganized Debtor's charter shall

be amended to add a provision prohibiting the issuance of nonvoting equity securities, and

providing, as to any classes of securities possessing voting power, an appropriate distribution of such

power among such classes.

**F.      Binding Effect of Confirmation**

Confirmation will bind the Debtor, all Creditors, Interest Holders, and other parties in interest

to the provisions of the Plan, whether or not the Claim or Interest of such Creditor or Interest Holder

is impaired under the Plan, and whether or not such Creditor or Interest Holder has accepted the

Plan.

**G.      Revesting of the Property in the Reorganized Debtor**

Except as otherwise set forth in the Plan, on the Effective Date, title to all assets and property

of the Debtor, and all property of the Estate, including, pursuant to section 1123(b)(3)(b) of the

Bankruptcy Code, each and every claim, demand, or cause of action that the Debtor had or had

power to assert immediately prior to Confirmation, will revest in the Reorganized Debtor free and

clear of all liens, Claims, and Interests.  Thereafter, the Reorganized Debtor will hold these assets

without further jurisdiction, restriction, or supervision of the Court, except as otherwise set forth in

the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**H.    Authority to Implement Plan**

Upon the entry of this Confirmation Order, all matters provided under the Plan shall be deemed to be authorized and approved without further approval from the Bankruptcy Court. The Debtor and the Reorganized Debtor shall be authorized, without further application to or order of the Bankruptcy Court, to take whatever action is necessary to achieve consummation and carry out the Plan and to make the contemplated Distributions.

**I.    Discharge and Injunction**

Except as expressly set forth in the Plan, on and after the Confirmation Date and in consideration for the New Equity Contribution, Joseph Zeiden, Carole Malfatti and Michael Zeiden and their attorneys, agents, advisors, professionals, representatives and assigns (the "Zeiden Releasees") are unconditionally released and forever discharged from and against any and all claims, causes of action, damages, losses, liabilities, obligations, expenses, debts, dues, sums of money, accounts, reckonings, contracts, controversies, known or unknown, fixed or contingent, direct or indirect, accrued or not accrued, liquidated or unliquidated or suspected or unsuspected, in contract or in tort or otherwise, that the Debtor or the Estate ever had, now have or hereafter can, shall or may have, or may claim to have, whether directly or indirectly, or by assignment or succession, against the Zeiden Releasees, or any of them, for, upon, or by reason of any matter relating to the ownership, management or operation of the Debtor through the Effective Date. This release shall be effective as of the Effective Date.

Except to the extent arising from willful misconduct or gross negligence, any and all Claims, liabilities, causes of action, rights, damages, costs and obligations held by any party against the Debtor and its attorneys, accountants, agents and other professionals, and its officers, directors and employees, whether known or unknown, matured or contingent, liquidated or unliquidated, existing,

PACHULSKI  STANG ZIEHL & JONES LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

arising or accruing, whether or not yet due, in any manner related to the Post-Petition administration of the Case or the formulation, negotiation, prosecution or implementation of the Plan, are deemed fully waived, barred, released and discharged in all respects, except as to rights, obligations, duties, claims and responsibilities preserved, created or established by terms of the Plan; provided, however, that, notwithstanding the foregoing, this provision does not limit the nature of any objection to the allowance and payment of (i) any Professional Fees, (ii) any Insider Claims other than the Allowed Insider Unsecured Claims in Class 6 or (iii) or any Insider compensation.

Pursuant to section 1125(e) of the Bankruptcy Code, the Reorganized Debtor, the Committee and their respective present and former members, ex-officio members, officers, directors, trustees, employees, agents, designees, successors or assigns, and the Debtor and any Professional Persons (acting in such capacity) employed by any of the foregoing entities, neither have nor will incur any liability to any Person for any act or omission occurring after the Petition Date and in connection with, relating to or arising out of the Case, formulation or negotiation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan.  None of the entities named in this paragraph shall be exculpated from liability for its willful misconduct or gross negligence.

**J.    Post-Confirmation Conversion or Dismissal**

Prior to the issuance of a Final Decree and closure of the Case, a creditor or party in interest may bring a motion to, or the Court, *sua sponte*, after notice and a hearing, may, convert or dismiss the Case under section 1112(b) of the Bankruptcy Code after the Plan is confirmed if there is a default in performing the Plan.  If the Bankruptcy Court orders the Case converted to chapter 7 after the Plan is confirmed, then all property that had been property of the Estate, and that has not been

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

disbursed pursuant to the Plan, will vest in the chapter 7 estate, and the automatic stay will be reimposed upon such vested property only to the extent that relief from stay was not previously granted by the Bankruptcy Court during this Case.

**K.**      **Assumption and Rejection**

Each Assumed Contract listed on Exhibit "F" to the Plan as of the date of this Order shall be assumed by the Debtor on the Effective Date.  The Plan is hereby modified as follows:  (1) on the Effective Date, the Debtor will pay the landlords listed on Exhibit "1" filed in the Case at Docket No. 427 the cure amounts that are listed on said Exhibit "1"; (2) after the Effective Date, the Reorganized Debtor and the landlords appearing at the Confirmation Hearing (the "Appearing Landlords") will continue to attempt to reconcile any remaining discrepancies in the cure amounts owed to any of the Appearing Landlords; (3) on December 17, at 1:30 p.m. (Pacific time), a hearing (the "Cure Amount Hearing") will be held before this Court in order to resolve any remaining disputes as to the cure amounts owed to any of the Appearing Landlords (any party wishing to bring a cure amount dispute before the Court at the Cure Amount will have to file a motion for determination of cure amount at least twenty-one (21) days before the Cure Amount Hearing as required by Local Rule 9013-1(d)(2) and the parties will otherwise follow the Local Bankruptcy Rules); (4) if it is determined that additional amounts are due to any of the Appearing Landlords, the Reorganized Debtor will pay such additional amount with the next rental payment due to the affected Appearing Landlord; and (5) if it is determined that the Reorganized Debtor has paid more than the determined cure amount to any of the Appearing Landlords, the Reorganized Debtor and the affected Appearing Landlord shall determine how the Reorganized Debtor will receive credit for such overpayment.  Unless otherwise agreed by the Debtor, any party to an Assumed Contract that did not timely file an objection to the cure amount set forth on Exhibit "F" to the Plan is deemed to

have consented to such cure amount (the "Accepted Cure Amount") and waived any and all rights to challenge the Accepted Cure Amount and the assumption of the Assumed Contract.

Any and all executory contracts or unexpired leases (i) that have not expired by their own terms on or prior to the Effective Date, (ii) that have not been assumed, assumed and assigned, or rejected with the approval of the Bankruptcy Court or by operation of law prior to the Effective Date, (iii) that are not the subject of a motion to assume or assume and assign pending as of the Effective Date, or (iv) that are not Assumed Contracts listed on Exhibit "F" to the Disclosure Statement as of the Effective Date, are rejected by the Debtor effective on the Effective Date.  The entry of this Confirmation Order by the Bankruptcy Court will constitute approval of such rejections effective on the Effective Date pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

## L.    **Retention of Jurisdiction**

The Bankruptcy Court shall retain and have exclusive jurisdiction over any matter arising under the Bankruptcy Code, arising in or related to the Case or the Plan, to the fullest extent permitted by law including, but not limited to, the following matters:

1.    Resolution of any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear, determine, and, if necessary, liquidate, any Claims arising therefrom, including those matters related to the amendment after the Effective Date of the Plan, and to add or delete any executory contracts or unexpired leases to the list of executory contracts and unexpired leases to be assumed;

2.    Entry of such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan;

PACHULSKI  STANG ZIEHL & JONES LLP
ATTORNEYS · AT LAW
LOS ANGELES · CALIFORNIA

3.      Determination of any and all motions, adversary proceedings, applications, and contested or litigated matters that may be pending on the Effective Date or that, pursuant to the Plan, may be instituted by the Debtor, the Reorganized Debtor or the Post-Effective Date Committee after the Effective Date;

4.      Ensuring that Distributions to Holders of Allowed Claims are accomplished as provided in the Plan, including without limitation jurisdiction over any claims or disputes regarding the issuance of a Blockage Notice;

5.      Hearing and determining any timely objections to Administrative Claims or to proofs of Claim filed, both before and after the Confirmation Date, including any objections to the classification of any Claim and to allow, disallow, determine, liquidate, classify, estimate, or establish the priority of secured or unsecured status of any Claim, in whole or in part;

6.      Entry and implementation of such orders as may be appropriate in the event the Confirmation Order is, for any reason, stayed, revoked, modified, reversed, or vacated;

7.      Issuance of such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

8.      Consideration of any modifications of the Plan, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

9.      Hearing and determining all applications for awards of compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date;

10.      Hearing and determining disputes arising in connection with, or relating to, the Plan or the interpretation, implementation, or enforcement of the Plan, or the extent of any Person's obligations incurred in connection with or released or exculpated under the Plan;

11.      Issuance of injunctions or other orders as may be necessary or appropriate to restrain interference by any Person with consummation or enforcement of the Plan;

12.    Determination of any other matters that may arise in connection with, or are related to, the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with the Plan or the Disclosure Statement;

13.    Hearing and determining matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

14.    Hearing any other matter or for any purpose specified in the Confirmation Order that is not inconsistent with the Bankruptcy Code;

15.    Entry of a final decree closing the Case; and

16.    Interpreting and enforcing Orders entered by the Bankruptcy Court.

If the Bankruptcy Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, this provision will not effect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.

## M.    United States Trustee Fees and Reports

All fees payable pursuant to 28 U.S.C. § 1930 shall be paid on or before the Effective Date. The Reorganized Debtor shall pay fees that accrue under 28 U.S.C. § 1930 until a final decree is entered in the Case.  The Reorganized Debtor shall submit U.S. Trustee status reports with each quarterly fee paid after Confirmation.

## N.    Post-Confirmation Status Report

Within 120 days of the entry of this Confirmation Order, the Reorganized Debtor shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United States Trustee and those parties who have requested special notice pursuant to Bankruptcy Rule 2002.  Further status reports shall be filed every 120 days and served on the same entities until the Plan has been substantially consummated.

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS . AT LAW
LOS ANGELES . CALIFORNIA

O.   **Discharge of Debtor**

Except as otherwise provided in the Plan or herein, (i) the rights afforded in the Plan and the treatment of all Claims and Interests therein, shall be in exchange for and in complete satisfaction, discharge, and release of Claims and Interests of any nature whatsoever against the Debtor and/or the Reorganized Debtor, or any of their assets or properties, except as set forth in the Plan or herein; (ii) on the Effective Date, all such Claims against the Debtor shall be satisfied, discharged and released in full; and (iii) all Persons and entities shall be precluded from asserting against the Reorganized Debtor, its successors, or its assets or properties any other or further Claims based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date.

P.   **Dissolution of Committee**

On the Effective Date, the Committee shall be dissolved and all members of the Committee and its professionals shall be discharged from their duties as members of, and professionals retained by, the Committee.  Notwithstanding the dissolution of the Committee, the members of the Committee retain the right to seek reimbursement of expenses (in the case of members of the Committee) and final compensation (as to professionals retained by the Committee).

Q.   **Appointment of Post-Effective Date Committee**

The Committee's designation of Simon Property Group, Inc., Oakbrook Shopping Center, LLC, and Portfolio Productions Inc. d/b/a/ Sitcom as members of the Post-Effective Date Committee is hereby approved.

//

//

**R.**     **Powers of the Post-Effective Date Committee**

The Post-Effective Date Committee shall have the right to object to Claims, excluding the Insider Unsecured Claims, and shall further have the right and authority to take all actions the Post-Effective Date Committee may deem necessary in its business judgment to enforce the Reorganized Debtor's obligations to Holders of General Unsecured Claims under the Plan, including without limitation any actions it may deem necessary in connection with the issuance of any Blockage Notice to the Reorganized Debtor.

The Post-Effective Date Committee shall have the authority to retain counsel and other professionals of its choosing.

**S.**     **Appointment of Collateral/Disbursement Agent**

The Committee's designation of Scouler & Company LLC as the Collateral/Disbursement Agent under the Plan is hereby approved.

**T.**     **Debtor's Meetings with and Reports to Post-Effective Date Committee**

Until the last Distribution to the Holders of Allowed Class 5 Claim occurs on January 1, 2012 pursuant to the terms of the Plan, the Reorganized Debtor will provide the Post-Effective Date Committee with quarterly reports, including consolidated financial statements and supporting schedules, in advance of the meetings between the Board of Directors of the Reorganized Debtor and the Post-Effective Date Committee that will take place quarterly until January 1, 2012 and that are to be scheduled on reasonable notice and that will last no longer than one (1) business day.

//

//

//

**U.**    **No Bond for Collateral/Disbursement Agent**

Neither the Collateral/Disbursement Agent nor the Post-Effective Date Committee shall be required to give any bond or surety for the performance of its duties.

**V.**    **Limitations on Liability of Post-Effective Date Committee**

Neither the individual members of the Post-Effective Date Committee nor the Post-Effective Date Committee nor any of its retained professionals, employees or agents shall be liable for any act taken, suffered or omitted to be taken in their respective capacities as members of the Post-Effective Date Committee, as the Post-Effective Date Committee or as a professional retained by the Post-Effective Date Committee in reliance on any provision of the Plan, except for acts of gross negligence or willful misconduct (which gross negligence or willful misconduct must be determined by a Final Order in a court of competent jurisdiction), in the performance of duties for the Post-Effective Date Committee.  Notwithstanding anything herein to the contrary, in no event shall any member of the Post-Effective Date Committee or any professional retained by the Post-Effective Date Committee be liable to any party on account of the performance of duties for the Post-Effective Date Committee in an amount that exceeds the fees and expenses such Post-Effective Date Committee member or professional has received for its service on or to the Post-Effective Date Committee.

**W.**    **Limitation of Liability for the Collateral/Disbursement Agent**

Neither the Collateral/Disbursement Agent nor any of its retained professionals, employees or agents shall be liable for any act taken, suffered or omitted to be taken in their respective capacities as Collateral/Disbursement Agent, its retained professionals, employees or agents in reliance on any provision of the Plan, except for acts of gross negligence or willful misconduct

(which gross negligence or willful misconduct must be determined by a Final Order in a court of competent jurisdiction), in the performance of duties for the Post-Effective Date Committee. Notwithstanding anything herein to the contrary, in no event shall the Collateral/Disbursement Agent, its retained professionals, employees or agents be liable to any party on account of the performance of duties for the Post-Effective Date Committee in an amount that exceeds the fees and expenses the Collateral/Disbursement Agent, its professionals, employees or agents have received for their service on or to the Post-Effective Date Committee.

**X.    Discharge of Post-Effective Date Committee and Collateral/Disbursement Agent**

The Post-Effective Date Committee will dissolve and the Collateral/Disbursement Agent will be discharged upon the completion of all distributions to Holders of Allowed Class 5 Claims in accordance with the terms of the Plan.

**Y.    Successors and Assigns**

The rights, benefits, and obligations of any Person or entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such Person or entity.

**Z.    Post-Confirmation Effectiveness of Proofs of Claim**

Proofs of Claim shall, upon the Effective Date, represent only the right to participate in the Distributions contemplated by the Plan and otherwise shall have no further force or effect.

**AA.    Terms of Injunctions or Stays**

Unless otherwise provided, all injunctions or stays provided for in the Case under sections 105 and 362 of the Bankruptcy Code or otherwise in effect on the Confirmation Date shall remain in

full force and effect until the Effective Date.

## BB.    Further Assurances

The Debtor, the Reorganized Debtor, and all Holders of Claims receiving Distributions under the Plan and all other parties in interest shall, from time to time, prepare, execute, and deliver any agreements or documents and take any other actions as may be necessary or advisable to effect the provisions and intent of the Plan.

## CC.    Services by and Fees for Professionals

1.    Prior to the Effective Date.  Fees and expenses for the Professionals retained by the Committee or the Debtor for services rendered and costs incurred after the Petition Date and prior to the Effective Date will be fixed by the Bankruptcy Court after notice and a hearing, and such fees and expenses will be paid (less deductions for any and all amounts thereof already paid to such Persons) after approval by the Bankruptcy Court to the extent so approved and as provided in the Plan.

2.    Debtor's Professionals From the Effective Date.  Fees owing for services rendered and costs incurred and owing on and after the Effective Date to the Professionals retained by the Debtor will be paid by the Reorganized Debtor from the funds held by the Reorganized Debtor without further order of the Court.

## DD.    Fees for Post-Effective Date Committee and Collateral/Disbursement Agent

The expenses of the Collateral/Disbursement Agent and the Post-Effective Date Committee, including, but not limited to, the expenses of the members and the fees and expenses of any professionals employed by the Post-Effective Date Committee and/or the Collateral/Disbursement Agent shall be paid out of the $8.045 million Cash available for the Maximum General Unsecured

Distribution. Specifically, an amount shall be reserved and set aside from the initial Distribution of Cash from the Maximum General Unsecured Distribution (and, as necessary, from subsequent Distributions of Cash from the Maximum General Unsecured Distribution) to pay the reasonable fees and expenses of Post-Effective Date Committee members and professionals retained by the Post-Effective Date Committee (the "Post-Effective Date Committee Reserve"), which fees and expenses may be paid from the Post-Effective Date Committee Reserve without further order of the Court. Article VIII section G of the Plan is hereby modified to provide that the Debtor will fund the Post-Effective Date Committee Reserve by the payment of $300,000 to the Collateral/Disbursement Agent on the Effective Date. This $300,000 Effective Date payment will be deducted from the $3.25 million distribution to be made to the Holders of Allowed Class 5 Claims on January 1, 2010, as provided in the Plan. Collateral/Disbursement Agent shall hold the Post-Effective Date Committee Reserve in a segregated account to be used exclusively to pay the reasonable fees and expenses of Post-Effective Date Committee, the Collateral/Disbursement Agent and any professionals retained by either. Any unused amounts deposited in the Post-Effective Date Committee Reserve shall be distributed to Holders of Allowed General Unsecured Claims in accordance with the Plan..

**EE.** **No Recourse**

No entity other than an entity entitled to receive a payment or Distribution under this Plan or the Holders of Interests will have any recourse against the Debtor, its Estate, or the Reorganized Debtor or its Assets.

**FF.** **Construction of Order**

The failure to reference a particular provision of the Plan in this Confirmation Order shall not affect the validity or enforceability of such provision. Each provision of the Plan, subject to any modification herein, shall be deemed authorized and approved by this Confirmation Order and shall

have the same binding effect as every other provision of the Plan, whether or not mentioned in this Confirmation Order.  Except to the extent that this Confirmation Order specifically modifies the Plan, if there is a conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of the Plan control.

I, Scotta E. McFarland, hereby certify that this document has been reviewed and approved by counsel for the Official Committee of Creditors , counsel for objecting landlords and counsel for Wells Fargo, N.A.

*/s/ Scotta E. McFarland*
Scotta E. McFarland

###

DATED: October 8, 2009

_____
United States Bankruptcy Judge

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT  LAW
LOS ANGELES .  CALIFORNIA

| In re:<br>Z Gallerie,<br><br>                                    Debtor(s). | CHAPTER 11<br><br>CASE NUMBER:  2:09-bk-18400-VZ |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document described ***ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR Z GALLERIE (DATED AUGUST 13, 2009)*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **October 5, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 5, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Via Personal Delivery
Honorable Vincent P. Zurzolo
United States Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 5, 2009 | Myra Kulick | */s/ Myra Kulick* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

98002-002\DOCS_LA:208564.6

| In re:<br>Z Gallerie,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER:  2:09-bk-18400-VZ |
|---|---|

**Notice will be served in by mail on:**

In re Z Gallerie
2002 Service List
Chapter 11 Case No. 2:09-18400-VZ

Debtor
Z Gallerie
Mike Zeiden
1855 W. 139th Street
Gardena, CA  90249

Office of the United States Trustee
Attention:  Dare Law
725 South Figueroa Street, 26th Floor
Los Angeles, CA  90012

Secured Lender
City National Bank
c/o William B. Freeman, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5443

Abe J. Shear, Partner
Amall Golden Gregory, LLP
171 17th Street Suite 2100
Atlanta, GA 30363

Committee Member:
Simon Property Group, Inc.
Attn: Ronald M. Tucker, Esq.
225 West Washington Street
Indianapolis, Indiana 46204

Committee Member:
Portfolio Productions, Inc. dba Sitcom
Rose Solberg, Controller
850 42nd Avenue
Oakland, CA  94601

Committee Member:
Oakbrook Shopping Center, LLC
Julia Minnick Bowslen, National Bk. Manager
110 North Wacker Drive
Chicago, IL  60606

Committee Member:
World Wide Fabric, Inc.
Hershel Saeidy, President
360 N. La Cienega
Los Angeles, CA  90048

Request for Special Notice
Paul Skram
General Manager, Retail Properties
Opus Northwest Management L.L.C.
Woodbury Lakes Shopping Center
9020 Hudson Road, Suite 401
Woodbury, MN  55125

Pima County Treasurer
Patti Davidson, Chief Deputy Treasurer
115 N. Church Avenue
Tucson, AZ  85701

Attorneys for Landlord Creditors
The Macerich Company, Westfield, LLC and The Forbes
Company
Thomas J. Leanse/Brian D. Huben
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                        **F 9013-3.1**

Marlene M. Moffitt
Ivan Gold
William W. Huckins
Allen Matkins Leck Gamble Mallory & Natsls LLP
Three Embarcadero Center, 12th Floor
San Francisco; CA 94111

Kristen N. Pate
GGP Limited Partnership, as Agent
110 N. Wacker Drive
Chicago, IL  60606

Pima County Treasurer
Patti Davidson, Chief Deputy Treasurer
115 N. Church Avenue
Tucson, AZ  85701

Attys for The Irvine Company
Ernie Zachary Park
Bewley, Lassleben & Miller, LLP
13215 E. Penn Street, Suite 510
Whittier, CA  90602-1797

Attys for Heitman Capital Management, LLC
Robin E. Phelan
Haynes and Boone, LLP
2323 Victory Blvd., Suite 700
Dallas, TX  75219

Attys for Heitman Capital Management, LLC
Richard K. Martin
Haynes and Boone, LLP
2505 N. Plano Road, Suite 400
Richardson, TX  75082

Daniel J. Braver, Exec. V.P., U.S. Portfolio Mgt.
Heitman Capital Management, LLC
13738 Pine Needles Dr.
Del Mar, CA  92014

Attorneys for Creditors UBS Realty Investors LLC a nd 220
Greenwood Court Investors LLC
Rebecca J.Winthrop
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

Attorneys for Creditors UBS Realty Investors LLC a nd 220
Greenwood Court Investors LLC
DAVID L. POLLACK (PA NO. 114149)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Attys for Dallas County
Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, TX  75201

Attys for Dept. of Missouri Revenue
Richard M. Masales, Esq., Special Asst. Atty. Gen.
Missouri Dept. of Revenue, General Counsel's Office
301 W. High Street, Room 670, POB 475
Jefferson City, MO  65105-0475

Woodbury Lakes, Retail, L.L.C.
c/o Cornerstone Real Estate Advisers LLC
Attn:  Thomas G. Fleming CPM
300 South Wacker Drive, Suite 3550
Chicago, IL  60606

Counsel to Creditors Committee
Ian S. Landsberg, Esq.
Landsberg Margulies LLP
16030 Ventura Boulevard, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Eric Wilson, Esq.
Jennifer Raviele
Kelley Drye & Warren LLP
101 Park Avenue
New York, N.Y. 10178-0002
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

98002-002\DOCS_LA:208564.6

Attys for Knox Street Village Holdings, Inc.
Adam M. Starr, Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404

Attys for Knox Street Village Holdings, Inc.
William L. Medford, Esq.
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX  75201

Attys for 119th Street Development, Inc.
Michelle E. Shriro, Esq.
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, TX  75001

Attorneys for Atlantic Towncenter LLC
c/o Jamie P. Dreher, Esq.
Downey Brand LLP
621 Capitol mall, 18th Floor
Sacramento, CA  95814

Attorneys for Atlantic Towncenter LLC
Victor W. Newmark, Esq.
Wiles and Wiles
800 Kennesaw Ave., Suite 400
Marietta, GA 30060

Miami-Dade County Tax Collector
c/o Miami Dade County Paralegal Unit
Alberto Burnstein, Paralegal Collection Specialist
Miami Dade Bk. Unit
140 West Flagler Street, Suite 1403
Miami, FL  33130-1575

Maricopa County Treasurer
Madeleine C. Wanslee
Gust Rosenfeld P.L.C.
201 E. Washington, Suite 800
Phoenix, Arizona 85004-2327
Telephone No. (602) 257-7430

Attorneys for Landlord Creditors Hennansoll Family Tmst
and Larimer Square Associates Ltd.
F. Brittin Clayton III
Isaacson Rosenbaum P.e.
633 17th Street, Suite 2200
Denver, Colorado 80202

Placer County Office of the Treasurer-Tax Collector
Jenny McMurtry, Deputy Tax Collector
2976 Richardson Drive
Auburn, CA  95603

Attorneys for Sage Group, LLC & Sage Partners Securities, LLC
G. Larry Engel
Vincent J. Novak
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482

Attorneys for The Roseville Fountains, L.P.
Nancy Hotchkiss, Esq.
Trainor Fairbrook
980 Fulton Avenue
Sacramento, California 95825

L.A. County Treasurer and Tax Collector
Post Office Box 54110
Los Angeles, CA  90054-0110
Attn:  Man-Ling Kuo, Tax Services Clerk I

William McCormick, Asst. Atty. Gen.
Tennessee Department of Revenue
c/o TN Attorney General's Office, Bk. Division
Post Office Box 20207
Nashville, TN  37202-0207

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

98002-002\DOCS_LA:208564.6

Attys for Creditors 770 Tamalpais Drive, Inc./Madison Marquette
Retail Services
Kenneth L. Valinoti, Esq.
Valinoti & Dito, LLP
180 Montgomery Street, Suite 940
San Francisco, CA  94104-4223

Attys for Wells Fargo, NA
Robert A. Willner, Esq.
Daniel H. Slate, Esq.
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA  90017-2457

Fair Liquidity Partners, LLC
1777 Saratoga Avenue, Suite 106
San Jose, CA  95129

Hermanson Family Trust and Larimer Square Family Trust
c/o F. Brittin Clayon III
Isaacson Rosenbaum PC
633 17th Street, Suite 2200
Denver, CO  80202

Linebarger Goggan Blair & Sampson LLP
Post Office Box 3064
Houston, TX  77253-3064

Melissa J. Perez on behalf of Creditor Anne Taintor Inc.
5 Park Plaza, Suite 1200
Irvine, CA  92614-8592

Corporate Communications Consultants for Debtor
Rivian Bell
The Abernathy Macgregor Group, Inc.
707 Wilshire Blvd., Suite 3950
Los Angeles, CA  90067

Financial Advisor to Debtor
Thomas S. Paccioretti
Alfred M. Masse
Broadway Advisors, LLC
511 30th Street
Newport Beach, CA  92663

Special Real Estate Counsel to Debtor
Elizabeth M. Behnke
Salmon, Lewis & Weldon
2850 East Camelback Road, Suite 200
Phoenix, AZ  85016

Financial Advisors to Creditors Committee
Daniel Scouler
Scouler & Company
445 Park Avenue, 10th Fl.
New York, NY  10022

Attorney for 770 Tamalpais Drive, Inc. and Madison Marquette
Retail Services
Ernest S. Pierucci
Law Offices of Ernest S. Pierucci
180 Montgomery Street, Suite 940
San Francisco CA 94104

770 Tamalpais Drive, Inc.
c/o Madison Marquette Retail Services, Inc.
100 Corte Madera Town Center
Corte Madera, CA  94925
Attn:  General Manager

770 Tamalpais Drive, Inc.
c/o Heitman Capital Management LLC
191 N. Wacker Dr., Suite 2500
Chicago, IL  60606
Attn:  Portfolio Manager

Attorneys for Creditor Jaime Wong and
Elizabeth Han Shu Wong Revocable Trust
Stephen D. Pahl
Ginger L. Sotelo
PAHL & McCAY
225 West Santa Clara Street, Suite 1500
San Jose, California 95113
Email: spahl@pahl-rnccay.com
        gsotelo{@pahl-mccav.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**

| In re:<br>Z Gallerie,<br><br>                                    Debtor(s). | CHAPTER 11<br><br>CASE NUMBER:  2:09-bk-18400-VZ |

## NOTE TO USERS OF THIS FORM:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ***ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR Z GALLERIE (DATED AUGUST 13, 2009)*** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **October 5, 2009**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒  Service information continued on attached page

**II.  <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☒  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>Z Gallerie, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER:  2:09-bk-18400-VZ |

**2:09-bk-18400-VZ Notice will be electronically mailed to:**

John P Dillman on behalf of Creditor Fort Bend County
houston_bankruptcy@publicans.com

Jamie P Dreher on behalf of Creditor Atlantic Towncenter LLC
jdreher@downeybrand.com

Jeffrey W Dulberg on behalf of Consultant Abnerthaty MacGregor Group Inc
jdulberg@pszjlaw.com

G Larry Engel on behalf of Other Professional Sage Group LLC
lengel@mofo.com

Robert D Ginter on behalf of Creditor Atlantic Towncenter LLC
dginter@downeybrand.com, sheaton@downeybrand.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

Nancy Hotchkiss on behalf of Creditor The Roseville Fountains, L.P.
nhotchkiss@trainorfairbrook.com

Brian D Huben on behalf of Creditor The Forbes Company
brian.huben@kattenlaw.com,
carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com

William W Huckins on behalf of Creditor Federal Realty Investment Trust
whuckins@allenmatkins.com, clynch@allenmatkins.com

Gregory K Jones on behalf of Other Professional Retail Consulting Services, Inc.
gjones@stutman.com

Yale K Kim on behalf of Creditor General Growth Properties, Inc.
ykim@allenmatkins.com

Ian Landsberg on behalf of Creditor Committee Official Committee of Unsecured Creditors
ilandsberg@lm-lawyers.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Scotta E McFarland on behalf of Debtor Z Gallerie

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

smcfarland@pszjlaw.com, smcfarland@pszjlaw.com

Marlene M Moffitt on behalf of Creditor Federal Realty Investment Trust
mmoffitt@allenmatkins.com

Christine M Pajak on behalf of Other Professional Retail Consulting Services Inc
cpajak@stutman.com

Robin E Phelan on behalf of Creditor Heitman Capital Management LLC
robin.phelan@haynesboone.com

Joseph F Postnikoff on behalf of Creditor Kimco Market Street, LLC
jpostnikoff@gpalaw.com

Catherine Schlomann Robertson on behalf of Creditor Jaime Wong and Elizabeth Han Shu Wong Revocable
Trust dated July 28, 1995
crobertson@pahl-gosselin.com

Martha E Romero on behalf of Creditor Dallas County
Romero@mromerolawfirm.com

Michelle E Shriro on behalf of Creditor 119th Street Development and 168th & Dodge LP
mshriro@singerlevick.com

Ramesh Singh on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

Daniel H Slate on behalf of Creditor Wells Fargo Business Credit
dslate@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com

Adam M Starr on behalf of Creditor Knox Street Village Holdings
starra@gtlaw.com

David Tabibian on behalf of Creditor City National Bank
david.tabibian@pillsburylaw.com

Ronald M Tucker on behalf of Creditor Simon Property Group, Inc.
rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;sHclark@simon.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Kenneth L Valinoti on behalf of Creditor 770 Tamalpais Drive, Inc. and Madison Marquette Retail Services
maria@valinoti-dito.com

Madeleine C Wanslee on behalf of Creditor Maricopa County Treasurer
mwanslee@gustlaw.com, rstein@gustlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                    3                                              **F 9021-1.1**
98002-002\DOCS_LA:208564.6

Elizabeth Weller on behalf of Creditor Dallas County
dallas.bankruptcy@publicans.com

Eric R Wilson on behalf of Creditor Committee Official Committee of Unsecured Creditors
kdwbankruptcydepartment@kelleydrye.com

Rebecca J Winthrop on behalf of Creditor UBS Realty Investors, LLC and 220 Greenwood Court Investors LLC
winthropr@ballardspahr.com

**2:09-bk-18400-VZ Notice will be mailed to:**

In re Z Gallerie
2002 Service List
Chapter 11 Case No. 2:09-18400-VZ

Debtor
Z Gallerie
Mike Zeiden
1855 W. 139th Street
Gardena, CA  90249

Office of the United States Trustee
Attention:  Dare Law
725 South Figueroa Street, 26th Floor
Los Angeles, CA  90012

Secured Lender
City National Bank
c/o William B. Freeman, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5443

Abe J. Shear, Partner
Amall Golden Gregory, LLP
171 17th Street Suite 2100
Atlanta, GA 30363

Committee Member:
Simon Property Group, Inc.
Attn: Ronald M. Tucker, Esq.
225 West Washington Street
Indianapolis, Indiana 46204

Committee Member:
Portfolio Productions, Inc. dba Sitcom
Rose Solberg, Controller
850 42nd Avenue
Oakland, CA  94601

Committee Member:
Oakbrook Shopping Center, LLC
Julia Minnick Bowslen, National Bk. Manager
110 North Wacker Drive
Chicago, IL  60606

Committee Member:
World Wide Fabric, Inc.
Hershel Saeidy, President
360 N. La Cienega
Los Angeles, CA  90048

Request for Special Notice
Paul Skram
General Manager, Retail Properties
Opus Northwest Management L.L.C.
Woodbury Lakes Shopping Center
9020 Hudson Road, Suite 401
Woodbury, MN  55125

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                    **F 9021-1.1**
98002-002\DOCS_LA:208564.6                              4

Pima County Treasurer
Patti Davidson, Chief Deputy Treasurer
115 N. Church Avenue
Tucson, AZ  85701

Attorneys for Landlord Creditors
The Macerich Company, Westfield, LLC and The Forbes
Company
Thomas J. Leanse/Brian D. Huben
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012

Marlene M. Moffitt
Ivan Gold
William W. Huckins
Allen Matkins Leck Gamble Mallory & Natsls LLP
Three Embarcadero Center, 12th Floor
San Francisco; CA 94111

Kristen N. Pate
GGP Limited Partnership, as Agent
110 N. Wacker Drive
Chicago, IL  60606

Pima County Treasurer
Patti Davidson, Chief Deputy Treasurer
115 N. Church Avenue
Tucson, AZ  85701

Attys for The Irvine Company
Ernie Zachary Park
Bewley, Lassleben & Miller, LLP
13215 E. Penn Street, Suite 510
Whittier, CA  90602-1797

Attys for Heitman Capital Management, LLC
Robin E. Phelan
Haynes and Boone, LLP
2323 Victory Blvd., Suite 700
Dallas, TX  75219

Attys for Heitman Capital Management, LLC
Richard K. Martin
Haynes and Boone, LLP
2505 N. Plano Road, Suite 400
Richardson, TX  75082

Daniel J. Braver, Exec. V.P., U.S. Portfolio Mgt.
Heitman Capital Management, LLC
13738 Pine Needles Dr.
Del Mar, CA  92014

Attorneys for Creditors UBS Realty Investors LLC a nd 220
Greenwood Court Investors LLC
Rebecca J.Winthrop
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

Attorneys for Creditors UBS Realty Investors LLC a nd 220
Greenwood Court Investors LLC
DAVID L. POLLACK (PA NO. 114149)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Attys for Dallas County
Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, TX  75201

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Attys for Dept. of Missouri Revenue
Richard M. Masales, Esq., Special Asst. Atty. Gen.
Missouri Dept. of Revenue, General Counsel's Office
301 W. High Street, Room 670, POB 475
Jefferson City, MO  65105-0475

Woodbury Lakes, Retail, L.L.C.
c/o Cornerstone Real Estate Advisers LLC
Attn:  Thomas G. Fleming CPM
300 South Wacker Drive, Suite 3550
Chicago, IL  60606

Counsel to Creditors Committee
Ian S. Landsberg, Esq.
Landsberg Margulies LLP
16030 Ventura Boulevard, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Eric Wilson, Esq.
Jennifer Raviele
Kelley Drye & Warren LLP
101 Park Avenue
New York, N.Y. 10178-0002
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

Attys for Knox Street Village Holdings, Inc.
Adam M. Starr, Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404

Attys for Knox Street Village Holdings, Inc.
William L. Medford, Esq.
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX  75201

Attys for 119th Street Development, Inc.
Michelle E. Shriro, Esq.
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, TX  75001

Attorneys for Atlantic Towncenter LLC
c/o Jamie P. Dreher, Esq.
Downey Brand LLP
621 Capitol mall, 18th Floor
Sacramento, CA  95814

Attorneys for Atlantic Towncenter LLC
Victor W. Newmark, Esq.
Wiles and Wiles
800 Kennesaw Ave., Suite 400
Marietta, GA 30060

Miami-Dade County Tax Collector
c/o Miami Dade County Paralegal Unit
Alberto Burnstein, Paralegal Collection Specialist
Miami Dade Bk. Unit
140 West Flagler Street, Suite 1403
Miami, FL  33130-1575

Maricopa County Treasurer
Madeleine C. Wanslee
Gust Rosenfeld P.L.C.
201 E. Washington, Suite 800
Phoenix, Arizona 85004-2327
Telephone No. (602) 257-7430

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9021-1.1**

Attorneys for Landlord Creditors Hennansoll Family Tmst
and Larimer Square Associates Ltd.
F. Brittin Clayton III
Isaacson Rosenbaum P.e.
633 17th Street, Suite 2200
Denver, Colorado 80202

Placer County Office of the Treasurer-Tax Collector
Jenny McMurtry, Deputy Tax Collector
2976 Richardson Drive
Auburn, CA  95603

Attorneys for Sage Group, LLC & Sage Partners Securities, LLC
G. Larry Engel
Vincent J. Novak
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482

Attorneys for The Roseville Fountains, L.P.
Nancy Hotchkiss, Esq.
Trainor Fairbrook
980 Fulton Avenue
Sacramento, California 95825

L.A. County Treasurer and Tax Collector
Post Office Box 54110
Los Angeles, CA  90054-0110
Attn:  Man-Ling Kuo, Tax Services Clerk I

William McCormick, Asst. Atty. Gen.
Tennessee Department of Revenue
c/o TN Attorney General's Office, Bk. Division
Post Office Box 20207
Nashville, TN  37202-0207

Attys for Creditors 770 Tamalpais Drive, Inc./Madison Marquette
Retail Services
Kenneth L. Valinoti, Esq.
Valinoti & Dito, LLP
180 Montgomery Street, Suite 940
San Francisco, CA  94104-4223

Attys for Wells Fargo, NA
Robert A. Willner, Esq.
Daniel H. Slate, Esq.
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA  90017-2457

Fair Liquidity Partners, LLC
1777 Saratoga Avenue, Suite 106
San Jose, CA  95129

Hermanson Family Trust and Larimer Square Family Trust
c/o F. Brittin Clayon III
Isaacson Rosenbaum PC
633 17th Street, Suite 2200
Denver, CO  80202

Linebarger Goggan Blair & Sampson LLP
Post Office Box 3064
Houston, TX  77253-3064

Melissa J. Perez on behalf of Creditor Anne Taintor Inc.
5 Park Plaza, Suite 1200
Irvine, CA  92614-8592

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9021-1.1**

98002-002\DOCS_LA:208564.6                              7

Corporate Communications Consultants for Debtor
Rivian Bell
The Abernathy Macgregor Group, Inc.
707 Wilshire Blvd., Suite 3950
Los Angeles, CA  90067

Financial Advisor to Debtor
Thomas S. Paccioretti
Alfred M. Masse
Broadway Advisors, LLC
511 30th Street
Newport Beach, CA  92663

Special Real Estate Counsel to Debtor
Elizabeth M. Behnke
Salmon, Lewis & Weldon
2850 East Camelback Road, Suite 200
Phoenix, AZ  85016

Financial Advisors to Creditors Committee
Daniel Scouler
Scouler & Company
445 Park Avenue, 10th Fl.
New York, NY  10022

Attorney for 770 Tamalpais Drive, Inc. and Madison Marquette
Retail Services
Ernest S. Pierucci
Law Offices of Ernest S. Pierucci
180 Montgomery Street, Suite 940
San Francisco CA 94104

770 Tamalpais Drive, Inc.
c/o Madison Marquette Retail Services, Inc.
100 Corte Madera Town Center
Corte Madera, CA  94925
Attn:  General Manager

Attorneys for Creditor Jaime Wong and
Elizabeth Han Shu Wong Revocable Trust
Stephen D. Pahl
Ginger L. Sotelo
PAHL & McCAY
225 West Santa Clara Street, Suite 1500
San Jose, California 95113
*Email: spahl@pahl-rnccay.com*
   *gsotelo{@pahl-mccav.com*

770 Tamalpais Drive, Inc.
c/o Heitman Capital Management LLC
191 N. Wacker Dr., Suite 2500
Chicago, IL  60606
Attn:  Portfolio Manager

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
98002-002\DOCS_LA:208564.6

**F 9021-1.1**